## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 18 2017, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen M. Heard
Vanderburgh County
Public Defenders Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christi Lee Scott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 18, 2017

Court of Appeals Case No.
82A01-1612-CR-2939

Appeal from the
Vanderburgh Circuit Court

The Honorable Kelli E. Fink
Magistrate

Trial Court Cause No.
82C01-1603-F4-1792

**Kirsch, Judge.**

[1] Christie Lee Scott entered a plea of guilty to Burglary as a Level 4 felony[1] and Theft as a Level 6 felony.[2] She was sentenced to concurrent sentences six years and two years. Contending that her sentence is inappropriate in light of the nature of her offenses and her character, she now appeals. Concluding that her sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] On March 25, 2016, Scott knocked on the door of the residence of Tim Crabtree and asked him for money or a cigarette. Crabtree declined. Scott left, but returned a short time later accompanied by Jermon Weathers. Crabtree felt uncomfortable and retrieved his gun before answering the door. Scott and Weathers pushed past Crabtree and entered the house. When they would not leave, Crabtree left and went to a neighbor's house where he called 911. Police responded and apprehended Scott and Weathers a short time later in possession of a laptop computer, cell phone and loose change that they had taken from Crabtree's home.

[3] Scott pleaded guilty to Burglary and Theft. The trial court found that the aggravating factor of her criminal history outweighed the mitigating factors of

---

[1] *See* Ind. Code § 35-43-2-1.

[2] *See* Ind. Code § 35-43-4-2(a).

accepting responsibility and pleading guilty, expressing remorse and taking steps to seek help.

## Discussion and Decision

Article 7, Sections 4 and 6 of the Indiana Constitution authorizes independent appellate review and revision of criminal sentences. *Trainor v. State*, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), *trans. denied.* This authority is implemented by Indiana Appellate Rule 7 (B) which provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense or the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E. 1073, 1080 (Ind. 2006).

Looking at the nature of her offense, we see that she knew her victim in this case, that he had helped her in the past, and that, when he declined to give her money or a cigarette on this occasion, she returned with a companion and forced their way into the victim's residence. They stole a laptop computer, a cell phone, lottery tickets, and loose change.

Looking at her character, we see that she has an extensive criminal history which started in 1991. Included in that history are four felony convictions and twenty-nine misdemeanor convictions.

[7] Scott has not met her burden of persuading us that her six-year sentence is inappropriate in light of the nature of her offenses or her character. Accordingly, the sentence is affirmed.

[8] Affirmed.

Mathias, J., and Altice, J., concur.